UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD FRIESE and AL STORK, as Trustees of the South Central Minnesota Electrical Workers' Family Health Plan; RICHARD FRIESE and AL STORK as Trustees of the South Central Minnesota Electrical Workers' Retirement and 401(k) Plan; RICHARD FRIESE and AL STORK, as Trustees of the South Central Minnesota Joint Apprenticeship Committee for the Electrical Industry Trust Fund; RICHARD FRIESE and AL STORK as Trustees of the South Central Minnesota Electrical Workers' Vacation and Holiday Plan, and each of their successors,<br><br>     Plaintiffs,<br><br>vs<br><br>BUILDING SYSTEMS INTEGRATION CORP., d/b/a and f/k/a RED WING SERVICE CO.,<br><br>     Defendant. | Civil File No. 09-2175 (JNE/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter was heard before the undersigned on April 16, 2010. Amanda R. Cefalu, Esq., of Anderson, Helgen, Davis & Nissen, L.L.C., appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## **FACTS**

1. Plaintiffs filed a Summons and Complaint in this matter on August 20, 2009. Defendants were personally served with the Summons and Complaint in this matter on November 4, 2009. Defendant Paul Parker was voluntarily dismissed.

2. Defendant Building Systems Integration Corp. d/b/a and f/k/a Red Wing Service Co. (hereinafter "Defendant") has failed to file and serve a response or Answer to the Summons and Complaint.

3. The Clerk entered default against Defendant on November 30, 2009.

4. The Plaintiffs are multi-employer, jointly-trusteed fringe benefit funds created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. §186(c)(5). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA").

5. The Funds are maintained by the Union and employers for the benefit of workers, pursuant to a Collective Bargaining Agreement and Trust Agreement. The Funds and their trustees are responsible for determining and collecting the amount due the various employee fringe benefit funds from employers who have entered into a Collective Bargaining Agreement with the Union.

6. Defendant agreed and accepted to be bound to a certain Collective Bargaining Agreement between the South Central Minnesota Unit, Minneapolis Chapter, National Electrical Contractors Association ("NECA") and the International Brotherhood of Electrical Workers Local Union 343 A.F.L.-C.I.O.

7. The Collective Bargaining Agreement requires employers such as Defendant to make fringe benefit contributions to the Funds in accordance with their terms. These contributions must be made on behalf of each bargaining unit employee as defined in the Collective Bargaining Agreement in amounts set forth and agreed upon therein.

8. The Collective Bargaining Agreement requires employers to contribute every month, not later than the 15th day of the following month, such sums for health and welfare, pension, apprenticeship and vacation and holiday funds for each hour worked by all employees covered by the Collective Bargaining Agreement.

9. The Collective Bargaining Agreement requires employers to pay 80 percent of the monthly health care premium. Employees are responsible for paying the other 20 percent, which is paid to the Plan by Defendant pursuant to a payroll deduction. Defendant is then required to remit the entire monthly health care premium to the Plan by the first day of the month.

10. The Collective Bargaining Agreement also provides that a penalty in the amount of $500.00 for liquidated damages is due in the event Defendants fail to timely remit reports and contributions beginning with the second instance in a 12 month period.

11. Defendant breached its obligations under the Collective Bargaining Agreement by failing to timely submit the fringe fund reports and pay the contributions owing for the months of January, 2008 to July, 2008. The total amount due for fringe benefit contributions for the months of January, 2008 to July, 2008 was $22,335.04. Defendant is entitled to a credit for payments made during the pendency of this action and accordingly the total balance due is now $5,594.15.

12. Defendant has breached its obligations under the Collective Bargaining Agreement by failing to timely submit the fringe fund reports and pay the contributions due for the month of August, 2008.

13. Defendant further breached its obligations under the Collective Bargaining Agreement by failing to remit the monthly health care premiums for the months of February, 2008 to July, 2008. The amount due for health care premiums for the months of Feburary, 2 008 to July, 2008 is $23,955.75. Defendant is entitled to a credit for payments made and the total balance due in health care premiums is now $12,633.30.

14. The total amount due through July 2008 in contributions and health care premiums is therefore $18,227.45.

15. The amount due for liquidated damages is $3,500.00

16. Defendant may have employed individuals performing work covered by the jurisdiction of the Collective Bargaining Agreement during the month of August 2008 and is required to submit the reports accurately identifying the amounts due in contributions and also health care premiums.

17. Unless Defendant is ordered to submit the August, 2008 fringe fund reports, Plaintiffs cannot accurately calculate the amount due for the health care premiums due as well as providing a mechanism for the entry of a default money judgment for all amounts due in the event Defendant fails to submit payment.

18. The Collective Bargaining Agreement entitles the Plaintiffs to their reasonable attorney fees and costs of this action.

## **CONCLUSIONS**

1. Defendant is in default, and Plaintiffs are entitled to a Default Order

2. Defendant is liable to the Plaintiffs in the amount of $18,227.45 for fringe benefit contributions and health care premiums for the months of January 2008 through

July 2008 and $3,500.00 for liquidated damages for the months of January, 2008 to July, 2008.

3. Defendant is required to submit the outstanding fringe benefit contributions forms and health care premium reports for the month of August, 2008 accurately identifying all hours worked by employees.

4. Defendant is liable for all outstanding fringe benefit contributions pursuant to the submitted reports, plus liquidated damages, and interest charges.

5. Defendant is liable for Plaintiffs' attorney's fees and costs upon submission of a detailed accounting of fees and costs.

## **RECOMMENDATION**

1. That Plaintiffs' Motion for Entry of Default Order be granted.

2. Defendant be liable for $18,227.45 for fringe benefit contributions and health care premiums for the months of January 2008 through July 2008 and $3,500.00 for liquidated damages for the months of January, 2008 to July, 2008.

3. That Defendant be ordered to submit to Plaintiffs counsel, within 10 days of the date of this Order, the fringe fund and health care remittance reports due for the month of August 2008 accurately identifying all hours worked by employees.

4. That upon the filing of the outstanding reports, if Defendant fails to make payments required by the Order, the Plaintiffs may move the District Court for entry of a money judgment in the amount of unpaid contributions, liquidated damages, and reasonable attorney fees and costs, as shown by Affidavit filed with the Court, and the

Court shall enter judgment fourteen (14) days after service of the motion and affidavit on Defendant.

Dated: April 16, 2010          BY THE COURT:

                                              *s/ Franklin L. Noel*
                                              The Honorable Franklin L. Noel
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before April 30, 2010, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by April 30, 2010, a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.